23-962
*Librandi v. Alexion Pharm., Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of August, two thousand twenty-four.

PRESENT:

Reena Raggi,
Steven J. Menashi,
Alison J. Nathan,
        *Circuit Judges.*

_____

SUSANNA LIBRANDI,

        *Plaintiff-Appellant*,

    v.                                            No. 23-962

ALEXION PHARMACEUTICALS, INC.,

        *Defendant-Appellee.*

_____


*For Plaintiff-Appellant*:            Susanna Librandi, *pro se*, Seymour, CT.

*For Defendant-Appellee:*                    Daniel A. Kadish, Sara E. DeStefano, Morgan, Lewis & Bockius LLP, New York, NY; Thomas A. Linthorst, Morgan, Lewis & Bockius LLP, Princeton, NJ.

Appeal from a judgment of the United States District Court for the District of Connecticut (Shea, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Susanna Librandi, proceeding *pro se*, sued her former employer, Alexion Pharmaceuticals, Inc., under the Americans with Disabilities Act ("ADA"), alleging discrimination, retaliation, and other violations of the statute that are not set forth as separate counts in her complaint. According to Librandi, she was fired in September 2022 for noncompliance with Alexion's COVID-19 vaccination policy. The district court dismissed the amended complaint, reasoning that (1) Librandi had not sufficiently alleged discrimination or retaliation, (2) similar claims that COVID-19 vaccination policies violated the ADA had been repeatedly rejected by courts, and (3) Alexion did not violate the ADA. *See Librandi v. Alexion Pharm., Inc.*, No. 22-CV-1126, 2023 WL 3993741, at *4-11 (D. Conn. June 14, 2023). We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

"We review a district court's grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, 19 F.4th 145, 147 (2d Cir. 2021) (quoting *Henry v. County of Nassau*, 6 F.4th 324, 328 (2d Cir. 2021)). Librandi must allege "sufficient factual matter, accepted as true," to allow a court

"to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In conducting our review, we construe complaints filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (internal quotation marks and alteration omitted).

Our court resolved the issues presented in this appeal in *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159 (2d Cir. 2024). In that case, the plaintiff alleged that his former employer violated the ADA when it terminated his employment after he refused to comply with its COVID-19 policies. *Id.* at 162. According to the plaintiff, the employer "regarded him as impaired because it treated him as if he had an on-going and indefinite condition of impairment that made him a direct threat to others" and "treated him as having a record of an impairment by requiring him to be vaccinated against COVID-19 and classifying him as being unvaccinated." *Id.* (internal quotation marks omitted). He additionally alleged that "he was retaliated against for complaining that the policies were discriminatory." *Id.*

In *Sharikov*, our court concluded that these allegations did not state a claim for a violation of the ADA. First, we said that the plaintiff was not treated as disabled under the ADA because he did "not explain how adopting measures to prevent the spread of a communicable disease implies an impairment, and he cites no case law equating prophylactic measures with assumptions of disability." *Id.* at 169. Second, we held that "[a] record that an employee is not vaccinated does not imply that the employee has 'a history of an impairment that substantially limited one or more major life activities when compared to most people in the general population.'" *Id.* at 170 (quoting 29 C.F.R. § 1630.2(k)(2)). Third, we explained that the allegations established that the plaintiff "was discharged because he refused to comply with the company-wide policies" rather than due to "any protected activity" involving his complaints about the COVID-19 policies. *Id.*

3

In this case, Librandi's arguments are substantially the same as those rejected in *Sharikov*. Librandi argues that Alexion's COVID-19 policy treated her as if she had a debilitating condition or was at heightened risk of developing such a condition. She also contends that Alexion's policy established a record of her having a disability. And she alleges that Alexion retaliated against her for complaining about the COVID-19 policy. Our court considered and rejected each of these arguments in *Sharikov*, and we are bound by that precedent to reject the same arguments here. *See Glob. Reinsurance Corp. of Am. v. Century Indem. Co.*, 22 F.4th 83, 100-01 (2d Cir. 2021) ("[A] decision of a panel of this Court is binding unless and until it is overruled by the Court *en banc* or by the Supreme Court.") (quoting *United States v. Hightower*, 950 F.3d 33, 36 (2d Cir. 2020)).[1]

\* \* \*

We have considered Librandi's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] To the extent that Librandi argues that Alexion's requirement to disclose vaccination and testing information amounted to a prohibited disability-related inquiry under 42 U.S.C. § 12112(d)(4)(A), "that claim necessarily fails because [she] was neither disabled nor regarded as having a disability, and [Alexion] never inquired into whether [s]he had a disability." *Kosiba v. Cath. Health Sys. of Long Island, Inc.*, No. 23-6, 2024 WL 3024652, at \*1 n.1 (2d Cir. June 17, 2024); *see Sharikov*, 103 F.4th at 169 n.8 ("[T]o the extent the policy assumed that unvaccinated individuals might be more vulnerable to (and thus be more likely to spread) COVID-19 infections, Sharikov did not plead that he was 'regarded' as having more than a 'transitory and minor' impairment.") (quoting 42 U.S.C. § 12102(3)(B)).